UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

FASTWAY MOVING AND
STORAGE, INC.

        Plaintiff,

vs.

FRANCISCO JOSE
EGUIGUREN UGARTE,

        Defendant.
_____/

# COMPLAINT

      Plaintiff, FASTWAY MOVING AND STORAGE, INC. sues Defendant, FRANCISCO JOSE EGUIGUREN UGARTE, and alleges:

1. At all times material hereto, Plaintiff, Fastway Moving and Storage, Inc. ("Fastway" or "Plaintiff") was and is a Massachusetts company authorized to do and doing business in Broward County, Florida, with offices and warehouse in Pompano Beach, Florida.

2. At all times material hereto, Defendant, FRANCISCO JOSE EGUIGUREN UGARTE, was and is over the age of 18 years, *sui juris*, and a resident of New Jersey.

3. As set forth more fully below, Defendant has undertaken fraudulent and unlawful misconduct in the State of Florida, including but not limited to unauthorized filings with the Florida Secretary of State, and improperly altering the identity of Plaintiff's officers and directors, which is a third degree felony under Florida law.

1

4. Fastway is a moving company with headquarters in Broward County, Florida, doing business mainly in Florida, New Jersey, and Massachusetts. Defendant does not have any ownership interest in Fastway.

5. Fastway is wholly owned by Bento Removals International, LLC (a Delaware corporation), which is wholly owned by Xexeo Logistics International, Inc. (a Delaware Corporation), which is wholly owned by Phal Cargo Corp. (a Nevis entity). Defendant does not have any ownership interest in any of these corporate entities.

6. Of the U.S. states in which Fastway does business, Florida is by far the most central and important state. All company marketing campaigns, web design, and marketing efforts are undertaken within Plaintiff's Broward County, Florida office. The entire commercial department and all sales personnel report to the Broward County, Florida office. Much or most of Plaintiff's shipping and logistics are undertaken and coordinated through the Port of Miami (with the remainder coordinated through the Port of New York). Plaintiff's primary clientele is South American, and Florida is the central point at which many clients meet with Fastway personnel.

7. Through March 2013, Defendant was an authorized employee of Fastway and managed Fastway's U.S. (including Florida) business in coordination with company ownership, which is located in Brazil. Beginning on or about April 2012, for reasons that are unknown but will be learned during the course of discovery, Defendant commenced a campaign aimed at harming or destroying Fastway business.

8. Specifically, Defendant (a) initiated an unauthorized transfer of the primary business domain (fastwaymoving.com[1]) away from the company and into the hands of a third party hosting company, thereby depriving the company of control over a critical tool used to generate business and communicate with its clients; (b) began to inform clients that the company was going out of business; (c) has stolen or withheld company keys, vehicle (truck) titles, documents, employee records, and passwords (demanding payment for any return of these items); (d) has used Fastway client contacts, employees, and other proprietary information for his own personal gain; and (d) undertook other actions aimed at undermining or destroying Plaintiff's U.S. business operations.

9. On January 31, 2013, the authorized annual report for Fastway was filed with the Florida Secretary of State, renewing the names of company officers, to be the same as on the previous year's report. On March 13, 2013, Defendant, without authority, filed an amended annual report, electronically signing in the name of Robson Lopes, naming Mr. Lopes as the only officer of the company. Mr. Lopes did not authorize or sign this document which, upon information and belief was fraudulently signed (electronically) by the Defendant.

10. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and Plaintiff is a citizen of a state which is different from the state of

---

[1] Additional misappropriated and wrongfully transferred domains belonging to Plaintiff include fastwaybox.com; brazfast.com; simplecardonline.com; fastwayscore.com; fastwaycargo.com; simplecardus.com; trustmoving.com; simpleusa.com; simplecardusa.com; movingtobrazil.com; simplestoreus.com; and simplestoreusa.com.

citizenship of the Defendant.  There is complete diversity between the Plaintiff and the Defendant.

11. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1719, because Broward County, Florida, is the jurisdiction where this cause of action primarily accrued; Defendant's actions as described above have had primary effect on operations in Broward County, Florida, including internet, marketing, and client relations, which are centered in the Broward County, Florida office. Defendant has undertaken a fraud in the State of Florida by filing a false annual report with the Florida Secretary of State, incorrectly identifying all company officers as being located in Broward County, Florida, and electronically signing in the name of another, thereby violating Florida law. Defendant transacted business in Florida (through Fastway) throughout the relevant times periods. As between the three states in which Fastway has offices and in which this action accrued, the facts and circumstances alleged in this lawsuit most significantly effect and relate to the State of Florida, and to the Broward County, Florida office.

12. All conditions precedent to the filing of this litigation have been waived, excused, or have otherwise occurred.

13. Fastway has been forced to retain counsel for the prosecution of this litigation, and to pay counsel a reasonable fee for its services.

## COUNT I
## VIOLATION OF CHAPTER 817.155, FLORIDA STATUTES

14. Plaintiff re-avers his allegations as set forth within Paragraphs 1 through 13 above, as though fully set forth herein.

15. Chapter 817.155, Florida Statutes, states, in pertinent part, as follows:

4

> A person may not, in any matter within the jurisdiction of the Department of State, knowingly and willfully falsify or conceal a material fact, make any false, fictitious, or fraudulent statement or representation, or make or use any false document, knowing the same to contain any false, fictitious, or fraudulent statement or entry. A person who violates this section is guilty of a felony of the third degree . . .

*See Fla. Stat. §817.155.*

16. When Defendant filed an amended annual report in March 2013 (done in the name of Robson Lopes, with Mr. Lopes' electronic signature fraudulently attached), that document was submitted to the Florida Department of State, over the website of the Florida Department of State, and intentionally included false and fictitious information; to wit, that Robson Lopes holds every official position in the company, and that Robson Lopes electronically signed the document. That action constitutes violation of Chapter 817.155, Florida Statutes, and is a felony in the third degree.

17. Plaintiff is the victim of the aforementioned criminal activity, inasmuch as the activity was intended to create a false impression, and to create a false public record that Robson Lopes is the sole officer of Fastway, and that neither Defendant (nor any of the other previously-listed individuals) is an officer of the company.

18. This Court should enter immediate injunctive relief requiring that Defendant take any and all necessary action to correct this criminal misconduct, including withdrawal of the amended annual report, and provide a statement to the Florida Secretary of State that Mr. Lopes did not electronically sign or file any documents with it, such that the Florida Secretary of State can take such action as is necessary to correct the record and report Defendant's misconduct as appropriate.

19. Entry of injunctive relief under this circumstance would serve the public interest inasmuch as a fraud has been committed upon the Florida Department of State, a false public record has been created in Florida, and laws promulgated for the protection and benefit of Florida citizens have been violated.

WHEREFORE, for the foregoing reasons, Plaintiff, Fastway Moving, Inc., demands entry of immediate temporary and permanent injunctive relief as set forth more fully hereinabove, and entry of all such other relief as is deemed just and equitable under the circumstances.

## COUNT II
### (TORTIOUS INTERFERENCE)

20. Plaintiff re-avers his allegations as set forth within Paragraphs 1 through 13 above, as though fully set forth herein.

21. Fastway has business relationships, both contractual (as to current moving jobs), as well as those not contained within any current contract (by virtue to Plaintiff's ties to certain communities and repeat business that comes from those communities).

22. Defendant has knowledge of the relationships described in the preceding paragraph, which knowledge was garnered while Defendant was acting as Plaintiff's authorized agent or employee.

23. Defendant has intentionally and without justification interfered with Plaintiff's business relationships, as set forth in detail above.

24. As a direct consequence of Defendant's intentional and unjustified interference in Plaintiff's business contracts and relationships, Plaintiff has suffered damages significantly in excess of the jurisdictional minimum of this Court.

WHEREFORE, for the foregoing reasons, Plaintiff, Fastway Moving, Inc., demands entry of judgment against Defendant, FRANCISCO JOSE EGUIGUREN UGARTE, in an amount exceeding the jurisdictional minimum of this Court, and awarding all such other relief as is deemed just and equitable under the circumstances.

## COUNT III
### (TEMPORARY AND PERMENENT INJUNCTIVE RELIEF – WEBSITE DOMAINS)

25. Plaintiff re-avers his allegations as set forth within Paragraphs 1 through 13 above, as though fully set forth herein.

26. As set forth more fully above, Defendant has unlawfully transferred the domain name fastwaymoving.com (and the other domains set forth in FN 1, above) to a third party domain hosting or registration service thereby unlawfully depriving Plaintiff of control over its internet presence.

27. Plaintiff has suffered, is suffering, and will continue to suffer irreparable harm as a result of Defendant's unlawful deprivation of Plaintiff's internet domain name. Plaintiff has spent and invested significant time and capital into its domain name, communicates to and with client through its website, and is severely harmed by this unlawful deprivation of its property.

28. Plaintiff has no adequate remedy at law, inasmuch as only a Court Order mandating immediate transfer of the domain name back to Plaintiff can avert future injury caused by this misconduct.

29. Plaintiff has a substantial likelihood of success on the merits; Plaintiff is the sole lawful owner of the domain name and the domain was illegally transferred to a third

party hosting company or registrar (and out of Plaintiff's control) by Defendant, without any authorization to do so.

30. A temporary (and permanent) injunction will serve the public interest. Defendant is currently misrepresenting Plaintiff's business to the general public, and has put itself in a position to do so through unlawful means.

WHEREFORE, for the foregoing reasons, Plaintiff, Fastway Moving, Inc., demands entry of temporary and permanent injunctive relief against Defendant, FRANCISCO JOSE EGUIGUREN UGARTE, requiring that Defendant immediately transfer and return Plaintiff's domain names to an authorized registrar under Plaintiff's exclusive control, and entering such other relief as may be deemed just and equitable under the circumstances presented.

## COUNT IV
## (CONVERSION)

31. Plaintiff re-avers his allegations as set forth within Paragraphs 1 through 13 above, as though fully set forth herein.

32. Defendant has undertaken multiple unauthorized acts, as specifically set forth in Paragraphs 9 and 10, above.

33. Defendant has permanently deprived Plaintiff of its property, including but not limited to its internet domain name, keys, vehicle (truck) titles, customer lists, passwords, and contacts.

34. This depravation is inconsistent with Plaintiff's sole and exclusive ownership over the named property, and constitutes an illegal theft and conversion of Plaintiff's property.

35. As a direct consequence of Defendant's intentional and unjustified taking of Plaintiff's property as set forth herein, Plaintiff has suffered damages significantly in excess of the jurisdictional minimum of this Court.

WHEREFORE, for the foregoing reasons, Plaintiff, Fastway Moving, Inc., demands entry of judgment against Defendant, FRANCISCO JOSE EGUIGUREN UGARTE, in an amount exceeding the jurisdictional minimum of this Court, and awarding all such other relief as is deemed just and equitable under the circumstances.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
Attorneys for Plaintiff
Harrison Executive Centre
1930 Harrison Street, Suite 502
Hollywood, Florida 33020
(954) 372-0985; (305) 397-1924FAX
Primary E-mail:     Klein@nklegal.com
Secondary E-mail:   Madeline@nklegal.com
                    Pleadings@nklegal.com

By: s/ Nolan K. Klein
NOLAN K. KLEIN
Florida Bar No. 647977

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was e-filed with the Clerk of the Court using CM/ECF, this 10th day April, 2013.

By: s/ Nolan K. Klein
NOLAN K. KLEIN