UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 13-60832-CIV-MORENO**

FASTWAY MOVING AND STORAGE, INC.,

      Plaintiff,

vs.

FRANCISCO JOSE EGUIGUREN UGARTE,

      Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE THE PLAINTIFF'S COMPLAINT

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss or Strike the Plaintiff's Complaint **(D.E. No. 7)**, filed on **May 21, 2013**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the Motion to Dismiss is DENIED IN PART and GRANTED IN PART with leave to amend the Complaint. Plaintiff shall amend the Complaint to clarify the causes of action entitling the Plaintiff to injunctive relief by no later than **August 8, 2013**. The Motion to Strike is DENIED.

### I. BACKGROUND

Plaintiff, Fastway Moving and Storage, Inc., a moving company, filed suit against Defendant, Francisco Jose Eguiguren Ugarte, its former employee. Defendant is alleged to have initiated an unlawful transfer of the primary business domain name (fastwaymoving.com) away from the

company and into the hands of a third-party hosting company.  Plaintiff also alleges Defendant informed clients that the company was going out of business; stole or withheld company keys, vehicle (truck) tires, documents, employee records, and passwords (demanding payment for any return of these items); used Plaintiff's client contacts, employees, and other proprietary information for his own personal gain; and filed a fraudulent annual report on behalf of the company with the Florida Secretary of State.  The Complaint sounds in four counts: (I) injunctive relief pursuant to Defendant's alleged violation of Chapter 817.155, Florida Statutes, (II) tortious intereference, (III) injunctive relief regarding the website domains, and (IV) conversion.

Defendant filed a motion to dismiss or to strike.  As to Count I, Defendant argues that Chapter 817.155, Florida Statutes, does not create a private, civil cause of action and that Plaintiff is not part of the statute's intended protected class.  As to Counts II, III, and IV, Defendant argues Plaintiff's allegations do not sufficiently state a cause of action upon which relief can be granted.

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986).  This tenet, however, does not apply to legal conclusions.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.  Those "[f]actual allegations must be enough to raise a right to relief above

the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal,* 129 S. Ct. at 1950.

### III. COUNT I (VIOLATION OF 817.155, FLORIDA STATUTES)

In Count I, Plaintiff alleges that Defendant's conduct in making improper filings with the Florida Secretary of State violates Chapter 817.155, Florida Statutes, and requests an injunction to rectify the alleged misconduct and correct the record. Plaintiff alleges that it is the victim of alleged criminal activity and that correction of the Defendant's alleged misfilings would serve the public interest inasmuch as, *inter alia*, fraud has been committed upon the Florida Department of State.

Count I does not state a claim for injunctive relief as Plaintiff does not identify an underlying cause of action entitling Plaintiff to this remedy. In Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff states it is not seeking damages for violation of the statute, even though Count I is entitled "Violation of Chapter 817.155, Florida Statutes." In its Response, Plaintiff states it "does not seek anything other than injunctive relief" and that Plaintiff seeks "common law" injunctive relief relating to Defendant's misconduct. However, "declaratory judgments and injunctions are equitable remedies, not causes of action. A plaintiff must prevail on an underlying claim in order to be entitled to either form of relief." *Feingold v. Budner*, No. 08-80539-CIV, 2008 WL 4610031, *2 (S.D. Fla. Oct. 10, 2008)(citing *Buck v. American Airlines, Inc.*, 476 F.3d 29, 33 n. 3 (1st Cir.2007)). "Any motion or suit for either a preliminary or permanent injunction must be based upon a cause of action, such as a constitutional violation, a trespass, or a nuisance. There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under

Fed.R.Civ.P. 12(b)(6) (failure to state a claim)." *Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005)(citing *Klay v. United Healthgroup, Inc.* 376 F.3d 1092, 1097 (11th Cir.2004)). Plaintiff must amend the Complaint to identify a cause of action under Florida or federal law giving rise to this claim for injunctive relief.

Accordingly, Count I of the Complaint is DISMISSED with leave to amend.

## IV. COUNT II (TORTIOUS INTERFERENCE)

To prevail on a claim of tortious interference with a business relationship under Florida law, a plaintiff must establish four elements: (1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship. *Pilkington v. United Airlines*, 112 F. 3d 1532, 1540 (11th Cir. 1997)(citing *T. Harris Young & Assoc. v. Marquette Electronics*, 931 F.2d 816, 825-26 (11th Cir. 1991). Tortious interference with a contract and tortious interference with a business relationship are basically the same cause of action. *Id.* The only material difference appears to be that in one there is a contract and in the other there is only a business relationship. *Id.*

In Count II, Plaintiff alleges Defendant has business relationships, both contractual and by virtue of Plaintiff's ties to the community. Plaintiff alleges Defendant, with knowledge of the relationships, intentionally interfered with the relationships, causing the Plaintiff damages. Earlier in the Complaint, the Plaintiff alleges Defendant initiated an unauthorized transfer of the primary business domain name away from Plaintiff, informed clients the company was going out of business, used Plaintiff's client contacts for personal gain, and undertook other actions aimed at undermining or destroying Plaintiff's business operations.

-4-

Contrary to Defendant's assertion, these allegations are not "boiler plate."  Plaintiff has set forth sufficient factual allegations to state a claim for tortious interference with a business relationship and/or contract.

Accordingly, Plaintiff's Motion to Dismiss is DENIED as to Count II of the Complaint.

## V. COUNT III (TEMPORARY AND INJUNCTIVE RELIEF-WEBSITE DOMAINS)

To state a claim for temporary injunctive relief, a plaintiff must allege (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction were not granted; (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and (4) that granting the injunction would not disserve the public interest. *See e.g. Levi Strauss and Co. v. Sunrise International Trading, Inc.*, 51 F. 3d 982, 985 (11th Cir. 1995).

In Count III, Plaintiff seeks an injunction relating to the alleged wrongful misappropriation of website domain names belonging to the Plaintiff.  Plaintiff alleges the Defendant unlawfully transferred its domain name to a third party hosting service, thereby severely harming the Plaintiff. Plaintiff alleges he has no adequate remedy at law, inasmuch as only the immediate transfer of the domain name back to Plaintiff can avert future injury.  Additionally, Plaintiff alleges an injunction would serve the public interest as Defendant is misrepresenting Plaintiff's business to the public. Contrary to Defendant's assertion, Plaintiff does not need to allege when the domain names were allegedly unlawfully transferred or how they were acquired.  Plaintiff may not have access to these facts without an opportunity for discovery.

Plaintiff's allegations do not satisfy the first element required for injunctive relief: substantial likelihood of success on the merits.  Although Plaintiff alleges a substantial likelihood of success on the merits as Plaintiff is the alleged sole lawful owner of the domain name, Plaintiff fails to

identify the cause of action upon which he is likely to succeed.  As in Count I,  Plaintiff does not identify an underlying cause of action entitling Plaintiff to the remedy of injunctive relief.  *See Feingold*, 2008 WL 4610031 at *2; *Alabama*, 424 F.3d at 1127.  Plaintiff must amend the Complaint to identify the cause of action under Florida or federal law giving rise to this claim for injunctive relief.

Accordingly, Count III is DISMISSED with leave to amend.

## VI. COUNT IV (CONVERSION)

To state a claim for conversion, a plaintiff must allege that: (1) he has a right to the property; (2) he has an absolute right to the immediate possession of the property; (3) he made a demand for possession of the property; and (4) the defendant wrongfully assumed control or ownership over the property.  *Ascentium Corp. v. Terremark North America, Inc.*, No. 10–20906–CIV, 2011 WL 1233256, *3(S.D. Fla. March 30, 2011).

In Count IV, Plaintiff alleges that Defendant permanently deprived it of its property, including but not limited to its internet domain name, keys, vehicle (truck) tires, customer lists, passwords, and contacts.  Plaintiff alleges this deprivation is inconsistent with Plaintiff's sole and exclusive ownership over the named property and constitutes an illegal theft and conversion of Plaintiff's property.

Contrary to Defendant's assertion, these allegations are not "boiler plate."  Plaintiff has alleged sufficient factual allegations to state a claim for conversion.

Accordingly, Defendant's Motion to Dismiss is DENIED as to Count IV of the Complaint.

## VII. MOTION TO STRIKE

Because the Court does not find any of the matters in Plaintiff's Complaint to be redundant,

immaterial, impertinent, or scandalous, Defendant's Motion to Strike is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 26 day of July, 2013.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record